IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00845–MSK–KMT

EIGHTH DISTRICT ELECTRICAL PENSION FUND, and
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL PENSION FUND,

      Plaintiffs,

v.

TPE - Defendant Twin Peaks ELECTRIC, INC., a Colorado corporation,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on the "Motion for Default Judgment" (Doc. No. 12, filed June 20, 2013).

## I.  BACKGROUND

**A.     Procedural History**

      Plaintiffs initiated this lawsuit on April 2, 2013, to collect delinquent employer contributions owed to multi-employer employee benefit plans under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA").  (*See* Compl.)  Defendant was served with the Summons and Complaint on April 16, 2013.  (Doc. No. 8.)  Defendant, however, failed to answer or otherwise respond to Plaintiffs' Complaint.  Following Plaintiffs' request for entry of default pursuant to Fed. R. Civ. P. 55(a) (Doc. No. 9), the Clerk of Court entered default

against Defendant on May 22, 2013 (Doc. No. 10).  Defendant has not responded to the Clerk's

entry of default or the present Motion.

**B.**     **Factual Allegations**

In the Complaint, Plaintiffs allege on March 5, 2001, Defendant Twin Peaks signed a

"Letter of Assent-A," by which it agreed to comply with and be bound by the collective

bargaining agreement ("CBA") negotiated by the Intermountain Chapter of the National

Electrical Contractors Association ("NECA") and Local Union No. 969 of the International

Brotherhood of Electrical Workers ("IBEW Local 969").   Pursuant to Section 302(c)(4) of the

Labor-Management Relations Act, 29 U.S.C. § 186(c)(4), Defendant Twin Peaks has been obligated

under the terms of the CBA to deduct union dues from the wages of its employees who have

submitted written authorizations, and to remit such dues and contributions to the administrator of the

Pension Fund, acting as collection agent for IBEW Local 969.

In accordance with Section 302(c)(9) of the Labor-Management Relations Act, 29 U.S.C.

§ 186(c)(9), Defendant Twin Peaks was or has been obligated under the terms of the CBA to

remit contributions for NECA membership fees, the Administration Fund, and the Labor-

Management Cooperation Fund to the administrator of the Pension Fund, acting as collection

agent for such funds.  The CBA and Trust Agreements require Defendant Twin Peaks to complete,

and to file with the administrator of the Pension Funds, monthly reports containing the names of its

employees performing Covered Work, the number of hours worked by and the wages of such

employees, its gross labor payroll paid to or accrued by such employees, and the amount of

Contributions payable under the CBA by Defendant Twin Peaks (the "Monthly Reports").  In

addition, the CBA and the Trust Agreements require Defendant Twin Peaks to submit the

Contributions specified in the Monthly Reports along with such reports.  The Monthly Reports

contain a certification by the employer that the information contained therein is a full and accurate

statement of hours worked and wages earned of all employees performing Covered Work.

Pursuant to the terms of the CBA and Trust Agreements, and the rules and regulations of

the ERISA Funds, the Monthly Reports and Contributions are deemed delinquent if not received

by the administrator of the Pension Fund on or before the 15th day of each month immediately

following the month in which the work was performed, and the administrators are entitled to

assess late charges and interest as a result of an employer's submission of delinquent Monthly

Reports and Contributions.

The Pension Fund previously filed a civil action in this court against Defendant Twin

Peaks and Michael Hoffman, Civil Action No. 11-cv-00193-MSK-MJW (filed on January 25,

2011), which the Pension Fund voluntarily dismissed on August 11, 2011, as a result of

Defendant Twin Peaks' agreement to comply with its obligations up to July 2011.  Since the

Pension Fund's voluntary dismissal of the previous action, Defendant Twin Peaks has refused to

comply with its legal obligations under ERISA and the CBA and Trust Agreements.

**Delinquent Reports and Contributions Owed since July 2011**

Defendant Twin Peaks has not submitted Monthly Reports or Contributions for Covered

Work done from July 2011 to the present.  From July 2011 to the present, Defendant Twin Peaks

has continued to perform Covered Work for which it should have been submitting Monthly

Reports and Contributions.  Plaintiffs have made several efforts to obtain the cooperation of

Defendant Twin Peaks in submitting monthly Reports and Contributions, including telephone conversations and messages between the Fund's representatives and Michael and Joan Hoffman, and correspondence dated March 21, 2013, from the Fund's attorney to the Hoffmans requesting that they submit the Monthly Reports and Contributions for the period from July 2011 to the present.  Defendant Twin Peaks has disregarded the Pension Fund's efforts to obtain voluntary compliance with its legal obligations, and it continues to fail and refuse to submit Monthly Reports and Contributions from July 2011 to the present.

**Pension Fund's Right to Audit Records of Defendant Twin Peaks**

Under the provisions of the CBA, Trust Agreements, and/or rules and regulations of the Pension Fund, the Pension Fund is entitled to audit the books and records of Defendant Twin Peaks to determine whether it has been complying with the fringe benefit reporting and payment requirements of the CBA and Trust Agreements, and to determine accurately the amount of Contributions, interest, late fees, and liquidated damages owed for work done from July 2011 to the present.

The CBA, Trust Agreements, and/or rules and regulations of the Pension Fund and related funds provide that a delinquent employer shall be liable for the cost of such audit if the audit reveals a substantial deficiency in unpaid Contributions.  When a signatory employer such as Defendant Twin Peaks fails to pay Contributions in a timely and accurate manner, the CBA and Trust Agreements, and/or rules and regulations of the ERISA Funds, specify the rate of interest and liquidated damages on unpaid Contributions, and provide for the recovery of all

4

expenses of collection, including audit costs, court costs, attorney fees, and other costs and expenses incurred in the collection of Contributions.

Pursuant to the CBA and the Trust Agreements, and 29 U.S.C. § 1132(g)(2)(E), which permits the Court to grant legal or equitable relief as the Court deems appropriate, Plaintiffs are entitled to an order compelling Defendant Twin Peaks to permit and cooperate in an audit of its books and records to determine the amount of Contributions due.

## II.  ANALYSIS

Pursuant to Fed. R. Civ. P. 55, default may enter against a party who fails to appear or otherwise defend a lawsuit.  Here, entry of default was proper because Defendant failed to respond to Plaintiffs' Complaint.  Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the damages can be ascertained.

**A.    Jurisdiction**

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendant.  *Dennis Garber & Associates, Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).  The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action."  *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

5

### 1.      Subject Matter Jurisdiction

Plaintiffs assert that the Court has jurisdiction over this matter because the action arises out of ERISA.  Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Because Plaintiffs' causes of action arise under federal law, the Court has jurisdiction over the subject matter.

### 2.      Personal Jurisdiction

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the defendant.  *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).  The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant.  *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010).  Plaintiffs' Complaint identifies Defendant as a corporation.  (Doc. No. 1, ¶ 8.)  Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association.  Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ."  Fed. R. Civ. P. 4(h)(1)(B).

On April 26, 2013, Plaintiff filed a return of service demonstrating that a private process server personally delivered the summons to Joan Hoffman, the Registered Agent for the

corporation.  (Doc. No. 8.)  The Court therefore finds that Defendant was properly served in compliance with Fed. R. Civ. P. 4(h).

Plaintiff bears the burden of establishing personal jurisdiction.  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."  *Dennis Garberg & Associates, Inc.*, 115 F.3d at 773.

Plaintiff asserts in the Complaint that Defendant is a Colorado corporation with an address in Basalt, Colorado.  (Doc. No. 1, ¶ 8.)  The Court therefore finds that it has personal jurisdiction over Defendant.

## B.    Factual Basis for Default Judgment

Even after a proper entry of default, the Court must decide " 'whether the unchallenged facts constitute a legitimate cause of action' " such that a judgment should be entered.  *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).  " 'There must be a sufficient basis in the pleadings for the judgment entered.' " *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (unpublished decision) (quoting *Cablevision of Southern Conn., Ltd. Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

7

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The Court deems the well-pleaded facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at *1 (D.Colo. 2009) (unpublished) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Undisputed facts set forth by the moving party in affidavits and exhibits are also accepted as true. *Id.*

Plaintiffs have adduced probative evidence, as shown by the sworn affidavit and attached exhibit submitted with Plaintiffs motion for default judgment, proving that Defendant signed a "Letter of Assent - A" by which it agreed to be a signatory and be bound by the collective bargaining agreements negotiated by the Intermountain Chapter of the National Electical Contractors Association and the International Brotherhood of Electrical Workers, Local No. 969. (Mot., Aff. of Sandra G. Brown, Ex. 1.)

As a signatory contractor, Defendant Twin Peaks has been and is obligated to make contributions to the Funds for pensions, health insurance, and other employee benefits and contractual obligations. (*Id.*, ¶ 4) Under the reporting procedures of the Funds, signatory contractors are obligated to submit monthly payroll reports by the 15th of each month after the month in which the contractor has done covered work. (*Id.*) Under the "Delinquency Control Program and Procedures" of the Funds, when signatory contractors are delinquent in submitting contributions, they are assessed interest of 10 percent per annum for one fund and 18 percent for all other funds from the date contributions are due until such contributions are paid. (*Id.*, ¶ 5.) In

8

addition, delinquent employers can be assessed liquidated damages in an amount equal to 18 percent of the contributions owed. (*Id.*) The Delinquency Control Program and Procedures provide that the Funds may audit delinquent employers as needed. (*Id.*, ¶ 6.) If the audit shows that unreported contributions exceed 5 percent of the contributions reported, the employer is obligated to pay the cost of the audit. (*Id.*)

In 2011, it was necessary for the Funds to file a lawsuit in U.S. District Court for the District of Colorado against Defendant Twin Peaks to collect delinquent contributions, which was entitled *Eighth District Electrical Pension Fund et al. v. TPE – Defendant Twin Peaks Electric, Inc.*, Civil Action No.  11-cv-00193-MSK-MJW. (*Id.*, ¶ 7.) The parties settled that lawsuit by Defendant Twin Peaks' payment of delinquent contributions owed through June 2011. (*Id.*) In the previous lawsuit, Defendant Twin Peaks was delinquent in contributions for a five-month period. (*Id.*, ¶ 8.) Defendants' total contributions owed for that period (excluding interest, liquidated damages, and other charges) were $25,886.80, an average of approximately $5,000 in contributions per month. (*Id.*) Since Defendant Twin Peaks settled the previous lawsuit, it has become delinquent again in its contributions to the Funds for covered work. (*Id.*, ¶ 9.) Defendant Twin Peaks has not submitted monthly payroll reports or contributions for covered work from July 2011 to the present. (*Id.*) The administrator for the Plaintiffs sent two delinquency notices to Defendant Twin Peaks during that period, but did not receive any response. (*Id.*)

Because Defendant Twin Peaks has refused to submit monthly payroll reports for covered work since July 1, 2011, Plaintiffs do not know exactly how much Defendant owes in

contributions.  (*Id.*, ¶ 10.)  The exact amount depends upon the number of hours of covered work done by Defendant Twin Peaks per month.  (*Id.*)  Based upon the previous record of delinquent contributions by Defendant Twin Peaks in the 2011 lawsuit, Plaintiffs estimate that such amount is approximately $5,000 per month and exceeds $50,000 for the period from July 1, 2011 to the present.  (*Id.*)

### III.  RECOMMENDATION

Based on the evidence adduced by the plaintiffs, the failure of the defendant to answer or otherwise respond to the Complaint, and the law as provided in ERISA, the court respectfully **RECOMMENDS** that the "Motion for Default Judgment" (Doc. No. 12) be **GRANTED** as follows:

Pursuant to the Court's authority under 29 U.S.C. § 1132(a)(3) and § 1132(g)(2)(E) to order "such other legal or equitable relief as the court deems appropriate," the Court orders Defendant Twin Peaks to take the following action:

1.       Within 21 days after the date of an Order on this Recommendation, Defendant Twin Peaks shall submit true and accurate Monthly Reports and accompanying Contributions to the administrative office for the Funds for the period from July 1, 2011 to the present;

2.       Within 21 days after written notice from the Funds' auditor or such additional time specified by the auditor, Defendant Twin Peaks shall submit to and cooperate in an audit, which includes providing books, ledgers, electronic data, and other payroll records as requested by the auditor;

3.      Defendant Twin Peaks shall pay any shortages in Contributions for the period from July 1, 2011 to the present determined by the auditor to be due, along with interest and an additional amount equal to the greater of interest or liquidated damages at the rates specified in the Trust Agreements or rules and regulations of the Funds, with interest and such additional amount to be based on the total amount of Contributions owed for the period from July 1, 2011 to the present;

4.      If the audit reveals a discrepancy in excess of 5 percent between the amount of Contributions reported by Defendant Twin Peaks and the amount determined by the auditor for the period from July 1, 2011 to the present, Defendant Twin Peaks shall pay the cost of the audit, provided that Defendant Twin Peaks would have the opportunity to dispute the accuracy of the audit in a prompt manner based upon reasonable, good faith grounds;

5.      Defendant Twin Peaks shall pay reasonable attorney fees and costs of this action;

6.      In the future, Defendant Twin Peaks shall submit Monthly Reports and accompanying Contributions by the 15th of each month after the month in which it does Covered Work; and

7.      Plaintiffs should be awarded reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D).  Plaintiffs shall file a bill of costs in accordance with D.C.COLO.LCivR 54.1 and a motion for attorney fees in accordance with D.C.COLO.LCivR 54.3 within 14 days from the date of an Order on this Recommendation.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge